Antonio MUÑOZ, Plaintiff–Appellee,

v.

The MANHATTAN CLUB TIME-
SHARE ASSOCIATION, INC.,
Defendant–Appellant.

No. 14–3971.

United States Court of Appeals,
Second Circuit.

June 17, 2015.

Jeffrey H. Daichman (with Judith A. Stoll, on the brief), Kane Kessler, P.C., New York, NY, for Appellant.

Gregory Antollino (with Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, New York, and Richard Cardinale, Brooklyn, New York, on the brief), New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, REENA RAGGI, GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

The Manhattan Club Timeshare Association, Inc. ("The Manhattan Club") appeals from the judgment of the United States District Court for the Southern District of New York (Oetken, *J.*), denying its motions pursuant to Federal Rules of Civil Procedure 50 and 59, after a jury trial in which Antonio Muñoz won a verdict on retaliation claims under the Americans with Disabilities Act and the New York City Human Rights Law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* the district court's denial of The Manhattan Club's motion for judgment as a matter of law pursuant to Rule 50. *Chowdhury v. Worldtel Bangladesh Holding*, 746 F.3d 42, 48 (2d Cir. 2014). "In undertaking this review, we view the evidence in the light most favorable to the party against which the motion was made and draw all reasonable inferences regarding the weight of the evidence and the credibility of witnesses in favor of the non-movant." *Id.* (internal quotation marks and alterations omitted). We review the district court's denial of The Manhattan Club's motion for a new trial pursuant to Rule 59(a) for abuse of discretion. *Id.*

Applying these standards, we agree with the district court that there is no basis to disturb the jury's verdict. Muñoz put forth sufficient evidence at trial to allow a reasonable jury to conclude that there was a causal connection between his protected activity and his termination; "Muñoz offered evidence that his termination was the capstone to a longer campaign of retaliation that began shortly after his complaint," *Muñoz v. Manhattan Club Timeshare Ass'n*, No. 11–cv–7037 (JPO), 2014

WL 4652481, at *2 (S.D.N.Y. Sept. 18, 2014); and the damages award was within the jury's wide latitude, *see Zeno v. Pine Plains Cent. School Dist.*, 702 F.3d 655, 671 (2d Cir.2012).

For the foregoing reasons, and finding no merit in The Manhattan Club's other arguments, we hereby AFFIRM the judgment of the district court.